COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        John Daniel Brooks v. The State of Texas

Appellate case number:      01-15-00062-CR

Trial court case number:    330063

Trial court:                263rd District Court of Harris County

　　　　Appellant, John Daniel Brooks, was convicted of the offense of aggravated capital murder in June 1981.  Brooks subsequently requested post-conviction DNA testing and the trial court appointed Kelly Ann Smith as counsel for Brooks.  On November 20, 2014, Smith filed a motion to withdraw as counsel, contending Brooks could not meet the requirements of Chapter 64 and was not entitled to DNA testing.

　　　　On November 20, 2014, the trial court granted Smith's motion, and entered an order denying Brooks' request for post-conviction DNA testing.  On December 24, 2014, Brooks filed a notice of appeal.  This notice is considered timely filed under Texas Rule of Appellate Procedure 9.2(b).

　　　　The clerk's record was filed in this Court on January 16, 2015.  The record contained a certification of the defendant's right of appeal that was signed, but did not indicate whether the defendant had the right of appeal.  Accordingly, we issued notice to the trial court of the incomplete certification.  On October 2, 2015, a supplemental clerk's record was filed containing a certification indicating that the defendant waived his right of appeal.

　　　　The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record.  *See* TEX. R. APP. P. 25.2(a)(2).  The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court.  *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1.  Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification.  *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

We have reviewed the record to determine if the record supports the trial court's certification and it appears that Brooks has the right of appeal. Article 64.05 of the Code Criminal Procedure allows appeal of an order concerning post-conviction DNA testing and nothing in the record indicates Brooks waived his right of appeal.

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's counsel, if any, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to execute an amended certification of appellant's right to appeal, to make any other findings and recommendations the trial court deems appropriate; and to enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations. *See* TEX. R. APP. P. 25.2(f).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court **within 25 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing **within 25 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 25 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: _/s/ Rebeca Huddle
       ☒ Acting individually    ☐ Acting for the Court

Date: October 13, 2015

---

[1] On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.